UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ASHFORD                                                              PLAINTIFF
ADC #133975

V.                          No. 5:19CV00094-BSM-JTR

GEORGE BELT, Sergeant
Tucker Max                                                                   DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Charles Ashford ("Ashford") is a prisoner in the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"). He has filed a § 1983 Complaint and Amended Complaint alleging that Defendant Sergeant George

Belt ("Belt") violated his constitutional rights, in December 2018 and January 2019, by physically attacking and injuring him; threatening to kill him; and threatening to label him as a snitch. *Docs. 2 & 4.*

It is undisputed that Ashford was a three-striker when he commenced this action. *See* 28 U.S.C. § 1915(g).[1] Nevertheless, the Court allowed him to proceed *in forma pauperis* ("IFP") because his allegations, *if presumed to be true,* were sufficient to satisfy the imminent danger exception to the three-strikes rule.[2] *Doc. 10 at 2-3.*

Belt has now filed a Motion for Order to Revoke *In Forma Pauperis* Status, and a Brief in Support, arguing that, because Belt's last day of employment with the ADC was January 18, 2019, Ashford did not face any "imminent danger" from him at the time he initiated this lawsuit on March 15, 2019, or at any time thereafter. *Docs. 21, 22.* Ashford filed a Response. *Doc. 25.*

Ashford has also filed two Motions seeking a temporary restraining order, preliminary injunctive relief, and an "emergency" protective order. *Docs. 20, 28.* Belt has filed Responses. *Docs. 24, 29.*

---

[1] *See Ashford v. Davis,* No. 5:07cv255-SWW; *Ashford v. Whaley,* No. No. 5:09cv86-JLH; *Ashford v. Rucker,* No. 5:09cv202-SWW; *Ashford v. Washington,* No. 5:09cv224-JLH.

[2] On March 15, 2019, Ashford filed his initial Complaint. *Doc. 2.* On March 21, 2019, the Court ordered Ashford to explain how he was currently in imminent danger of serious physical injury. *Doc. 3.* In response, Ashford filed an Amended Complaint, along with supporting affidavits and exhibits. *Docs. 4, 6.*

Thus, the issues are joined and ready for disposition.

## II. Discussion

The Prison Litigation Reform Act provides that a three-striker, such as Ashford, can proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Importantly, the Eighth Circuit has clarified that the imminent-danger exception applies only to claims involving a risk of *continuing or future injury* and not to claims seeking "a remedy for past misconduct." *Martin v. Shelton,* 319 F.3d 1048, 1050-51 (8th Cir. 2003) (emphasis added) (reviewing allegations in amended complaint to make this determination). The exception applies only when a prisoner presents "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries); *cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him).

In his Complaint and Amended Complaint, Ashford alleges that, on December 20, 2018, Belt "punched [him] in [his] mouth and knocked [his] teeth out and grabbed [his] arms through the bars and twisted [his] wrist so badly [Belt] almost

3

broke [Ashford's] wrist." According to Ashford, Belt then said he "would kill" Ashford and would "be back to snitch [him] out to protect what [Belt] did and start[ed] laughing like he was joking about it." *Doc. 2 at 4; Doc. 4 at 4.* Ashford also submitted an Affidavit stating that, in January 2019, Belt "continued to come back to [his] cell calling [him] a prison punk," threatened to kill him again, and "slamm[ed] his arm," which "tore cartilage in [his] right elbow." *Doc. 4 at 6.* Ashford claims that Belt's conduct constituted "mental and physical abuse," in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Doc. 2 at 4; Doc. 4 at 4.*

In allowing Ashford to proceed under the imminent danger exception to the three-strikes rule, the Court held that his § 1983 claim would be limited to the conduct which allegedly placed him in imminent danger, *i.e.,* that, in December 2018 and January 2019, Belt violated his constitutional rights by physically attacking and injuring him; threatening to kill him; and threatening to label him a snitch.³ *Doc. 11 at 4 & 10; Doc. 12; see McAlphin v. Toney,* 375 F.3d 753, 755 (8th Cir. 2004) (if an "inmate is granted leave to proceed i.f.p. under the 'imminent danger' exception, the i.f.p. action must be limited to imminent danger claims"). The Court also limited

---

³The Court dismissed Ashford's claims that Belt: (1) was involved in a conspiracy; (2) retaliated against him; (3) denied his parole date; (4) subjected him to "disciplinary retaliation"; (5) denied him medical treatment for his broken teeth; and (6) violated ADC policy. *Doc. 11 at 5-6; Doc. 12.*

4

Ashford's claims to those that involve a risk of "*continuing or future injury*." *Doc. 11 at 4*.

In support of his Motion to Revoke, Belt submits a Declaration from Stacia Lenderman, the ADC Human Resources Administrator, dated January 27, 2020. *Doc. 21, Ex. A*. Lenderman states that Belt voluntarily resigned from the ADC on January 18, 2019, which was his last day of employment. *Id. ¶¶ 5-7*. Because Ashford filed his initial § 1983 Complaint on March 15, 2019, and his Amended Complaint on April 4, 2019, Belt argues that Ashford was not in "imminent danger" from Belt at either time.

In his Response to the Motion to Revoke, Ashford *admits* that Belt is a "former" MSU sergeant and does not dispute that January 18, 2019 was his last day of employment. *Doc. 25 at 1*. Instead, Ashford argues that Belt's "co-workers" and "friends" still work at MSU and continue to retaliate against him by "false witnessing" and "making false disciplinary reports." *Id. at 2*. He also alleges that his teeth, which were "knocked out" by Belt, have not been fixed, and that he continues to be "stressed, degraded, and [have] symptoms of psychosis." *Id. at 3*.

In his Motion for TRO and preliminary injunctive relief, Ashford alleges that he is being subjected to "irreparable harm" because a commissary employee named "Jefferson" (a non-party) has threatened and retaliated against him to prevent him from buying a radio. *Doc. 20 at 1*.

Finally, in his Motion for an "emergency" protective order, Ashford alleges that MSU Warden Byers (a non-party) "kidnapped" him, came in his cell and raped him repeatedly from January to March of 2020, and refuses to process any of his grievances. Ashford seeks a "court order against" Byers and President Donald Trump (also a non-party), who has failed to respond to Ashford's letter about the warden's alleged actions.[4] *Doc. 28.*

Nothing in any of Ashford's filings sufficiently demonstrates that he was in imminent danger of serious physical injury from Belt or anyone else at the time he initiated this action, or at any point thereafter. *See Martin,* 319 F.3d at 1050 ("conclusory assertions that defendants were trying to kill" a prisoner were "insufficient" to invoke the imminent-danger exception). Accordingly, his *in forma pauperis* status should be revoked, and this action should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED:

1. Belt's Motion for Order to Revoke *In Forma Pauperis* Status (*Doc. 21*) be GRANTED, Ashford's *in forma pauperis* status be REVOKED, and this case DISMISSED, WITHOUT PREJUDICE.

---

[4]Ashford also states: "I don't know whether to kill the warden out of my Arkansas right to self defense or what." Doc. 28 at 2.

2. Ashford's Motions for Preliminary Injunctive Relief, Temporary Restraining Order, and Emergency Protective Order (*Docs. 20, 28*) be DENIED, AS MOOT.

3. Ashford be given thirty (30) days to reopen the case by paying the $400 filing fee in full and filing a Motion to Reopen.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE